RECEIVED
IN LAKE CHARLES, LA.
JAN 17 2013
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MASON LAPOINT, ET AL** | : | **DOCKET NO. 2:12-CV-1213** |
| **VS.** | : | **JUDGE MINALDI** |
| **AMTRAK, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Joseph Miciotto Pursuant to Rule 41(b) [Doc. 22], filed by the defendant, National Railroad Passenger Corporation ("Amtrak"). The plaintiffs, Mason LaPoint and Gerald Mark LaPoint, then filed a response [Doc. 24], and Amtrak filed a reply [Doc. 22]. For the foregoing reasons, Amtrak's motion is GRANTED.

## BACKGROUND

This wrongful death/personal injury case was originally filed by the plaintiffs on April 20, 2012 in the Fourteenth Judicial Court, Calcasieu Parish, after an Amtrak train accident in Vinton, Louisiana, which resulted in the death of Kristal LaPoint (Gerald's wife and the mother of Mason, Cloe, and Britney), and injuries to Mason LaPoint.[1] The defendant, Joseph Miciotto,

---

[1] *See generally* Pls.' Compl. [Doc. 1-2].

1

allegedly operated the train.[2]  Amtrak then timely removed the case to this court on May 10, 2012.[3]

## LAW & ANALYSIS

In Amtrak's motion, it argues that the court should dismiss the defendant, Joseph Miciotto, pursuant to Fed. R. Civ. P. 41(b), as the plaintiffs have failed to serve Miciotto within 120 days of the filing of their complaint.[4]  It further notes that the plaintiffs' "lack of diligence to comply with deadlines established by the Court or by law does not constitute excusable neglect" which would allow for an extension of time to serve Miciotto.[5]  Finally, it argues the plaintiffs never filed a motion for extension of time to serve Miciotto, noting that this factor also cuts in favor of dismissing Miciotto because it indicates a lack of diligence on the plaintiffs' part.[6]

In the plaintiffs' response, they argue that they do not need to actually serve Miciotto for two reasons: (1) by contacting its employee, Miciotto, to obtain his consent and then including him in the Notice of Removal, Amtrak effectively "waived any service objections on [Miciotto's] behalf;" and, (2) any possible neglect on the part of the plaintiffs is excused by the fact that Miciotto made misrepresentations, including giving a phone number from Las Cruces, New Mexico to the investigating officers and claiming that his address was the New Orleans Amtrak station.[7]

---

[2]*Id.* at ¶ 7.

[3]Not. of Removal [Doc. 1].

[4]Def.'s Mot. to Dismiss, [Doc. 22-1] at pg. 1.  Amtrak notes that in removal cases, the time period for service starts to run upon removal.  At the time it filed its motion, 189 days had elapsed since the May 10, 2012 removal date.

[5]*Id.* at pg. 8.

[6]*Id.* at pg. 9.

[7]Pls.' Resp. to Mot. to Dismiss, [Doc. 24] at pgs. 1-2.

In Amtrak's reply, it argues that mere knowledge of a lawsuit is insufficient to waive actual service of process on Miciotto because Fed. R. Civ. P. 4 requires an actual summons and complaint to be served on each defendant.[8] Further, it avers that Amtrak's knowledge of the lawsuit is insufficient to confer service over its employee, Miciotto, and that Miciotto's consent to removal does not act as a general appearance which would abrogate the need to serve him.[9] Finally, it notes that the plaintiffs' assertion that Miciotto provided a Las Cruces, New Mexico phone number is factually inaccurate because Miciotto actually provided investigating officers a New Orleans area code number.[10]

Federal Rule of Civil Procedure 4(m) provides that:

[i]f a defendant is not served within 120 days after the Complaint is filed, the Court – on its motion or on its own after notice to plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate time period.

Rule 41(b) provides that:

[i]f a plaintiff fails to prosecute or to comply with these rules or with a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Finally, Local Rule 41.3 provides that:

[a] civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution as follows: where no service of process has been made within 120 days after filing of the complaint. . . . Prior to issuance of dismissal, notice shall be sent to the plaintiff, and the plaintiff is allowed 14 calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. . . . If a timely response is filed, a judge may order additional time within which to take

---

[8]Def.'s Reply, [Doc. 25] at pg. 2.

[9]*Id.* at pg. 3.

[10]*Id.* at pg. 4.

action, dismiss the civil action without prejudice or make any other appropriate order. Dismissal under this rule shall be without prejudice unless delay has resulted in prejudice to an opposing party. The Order of Dismissal shall allow for reinstatement of the civil action within 30 days for good cause shown.

Reviewing the court filings, it appears that service on Miciotto was attempted on May 2, 2012, after the plaintiffs filed the state court petition but before Amtrak removed the case to federal court, although the summons was never returned executed.[11] Despite this, the plaintiffs have never moved for an extension of time to serve Miciotto, and it appears they never attempted to serve him again. Thus, the court must first inquire into whether there is good cause to excuse the plaintiffs' failure to serve Miciotto. "To establish 'good cause,' a plaintiff must demonstrate at least as much would be required to show excusable neglect, and simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444 (5th Cir. 1996) (citing *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993) (per curiam)).

Here, in their short response, the plaintiffs argue that they did not serve Miciotto because he waived any objections to improper service when he consented to being included in the Notice of Removal.[12] However, the plaintiff does not cite, and the undersigned cannot find, case law where a court found that a defendant who was never served may effectively waive the service requirement by being included in a notice of removal.

Rule 4 requires that each defendant be served with a summons and a complaint. FED. R. CIV. P. 4(A), (C). "A defendant must be served in accordance with Rule 4's requirement or there

---

[11] Summons Issued as to Joe Miciotto on May 2, 2012 in the 14th Judicial District Court, Calcasieu Parish, Att. 1 to Resp. To Rem. Order [Doc. 13]. Based on the summons, the plaintiffs attempted to serve Miciotto at the New Orleans Amtrak station at 1001 Loyola Street. As noted above, this is the address that Miciotto gave investigators on the police incident report.

[12] *See generally* [Doc. 24].

4

is no personal jurisdiction. . . actual notice [will not] subject the defendant to personal jurisdiction if service is not made in substantial compliance with Rule 4." *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 508 (E.D. La. 1985) (citing *Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982). Further, the plaintiffs' argument that simply consenting to a removal notice waives the service requirement is erroneous: even if Miciotto had filed the removal notice *himself*, this by itself would not operate as a general appearance and waiver of the service requirement. *See Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 376; 57 S.Ct. 273, 274 (1937) (holding that obtaining removal from the state court to federal court did not operate as a general appearance). As the plaintiffs' first argument simply indicates a misunderstanding of the relevant law and rules, the undersigned finds that this is insufficient to constitute excusable neglect for failing to serve Miciotto.

Further, the undersigned is not swayed by the plaintiffs' argument that they could not serve Miciotto because they relied on the information he gave to investigating officers after the accident (namely, that he gave them a Las Cruces, New Mexico phone number).[13] First, the undersigned is uncertain why providing a New Mexico number would inhibit the plaintiffs from pursuing service on Miciotto. Further, reviewing the investigative report referenced by the plaintiffs, their contention is not even true: the only number listed next to Miciotto's name is a New Orleans 504 area code.[14] Additionally, while it is true that Miciotto did indeed supply investigating officers with the address of the New Orleans Amtrak station, instead of giving them his actual home address,[15] a cursory search for this address makes it clear that the address is an

---

[13][Doc. 24] at pg. 2.

[14]*See* "Case Report," Ex. to Pls.' Resp., [Doc. 24-3] at pg. 4.

[15]*Id.*

5

Amtrak station. The plaintiffs offer no further arguments for why they did not, in the face of being supplied with an incorrect address, attempt service again or try to find Miciotto's real address.

While LR 43.3 typically requires a court to issue a notice of dismissal and give fourteen days for a party to file evidence of good cause for failure to act, here, that requirement would be repetitive, as the plaintiffs have already filed a response giving their "good cause" reasons for not timely serving Miciotto. Accordingly, the court will therefore instead dismiss Miciotto without prejudice.

## CONCLUSION

For the reasons stated herein, Amtrak's Motion to Dismiss is granted. Pursuant to Local Rule 41.3, the defendant, Joseph Miciotto, will be dismissed without prejudice from this suit.

**Lake Charles, Louisiana,** this 16 day of _____ 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE